BROOKLYN TRUST COMPANY and LAURA A. CURTIS, as Trustees under the Last Will and Testament of N. WILLARD CURTIS, Deceased, Appellants, v. BRISLIN LUMBER Co., INC., and Others, Respondents.— Judgment affirmed, with costs. No opinion. Young, Carswell, Scudder and Davis, JJ., concur; Kapper, J., dissents and votes to reverse and to grant judgment in favor of the plaintiff as prayed for in the complaint, with the following memorandum: Despite the covenant in the lease here in controversy, the tenant never did anything, and awaited removal of the spur, and, when removed, notified the landlord that the lease was thereby terminated. The question of the illegality of the spur was wholly anticipatory, and if illegal it was equally so when the lease was made. At best, the clause " for reasons over which the tenant has no control " imported co-operation upon the part of the tenant. It cannot be said that the removal was " for reasons over which the tenant has no control." *Non constat* the permit would have been granted upon the tenant's application therefor pursuant to the invitation forwarded by the city to the tenant. The claimed illegality is a matter that might never have arisen; the obligation of the tenant was to pay the rent reserved until illegality — which in the present case must be said to be an open question, with

authority opposed to the tenant (See *Stanley* v. *Jay Street Connecting Railroad*, 182 App. Div. 399; affd., without opinion, 227 N. Y. 639) — was established.